AT

### DUBUQUE, APRIL TERM, A. D. 1884.

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK, ⎫
" AUSTIN ADAMS, ⎬ JUDGES.
" WILLIAM H. SEEVERS, ⎪
" JOSEPH R. REED, ⎭

---

## THE STATE v. HALLETT.

1. **Larceny of Cattle:** VERDICT OF GUILTY: EVIDENCE TO SUPPORT. Upon consideration of all the evidence in this case, (see opinion,) which showed, among other things, the larceny of the cattle and the defendant's possession of them soon thereafter, but which, on the other hand, tended to show that defendant had enjoyed a good reputation for honesty, *held* that the jury was warranted in finding that defendant had failed to explain his possession of the stolen property, and to show that it was honest, and that a verdict of guilty could not be disturbed in this court.

2. **Instructions:** REPETITION NOT REQUIRED. It is not error to refuse to give an instruction asked, when the rule of law contained therein has already been clearly stated in other instructions given.

The State v. Hallett.

3. **Exclusion of Testimony**: NO PREJUDICE TO APPELLANT: NO RE-
VERSAL. The exclusion of testimony offered by appellant is no ground
for reversal, in a case where the testimony, if admitted, could have been
of no possible use to him.

*Appeal from Bremer District Court.*

TUESDAY, APRIL 22.·

DEFENDANT was convicted of the larceny of thirteen head
of cattle, and thereupon was sentenced to confinement in the
penitentiary for two years. He now appeals to this court.

*Gibson & Dawson*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. Counsel for defendant insist that the judg-
ment of the district court ought to be reversed upon several
grounds discussed in their printed argument,
which we proceed to consider in the order of
their presentation. The one discussed with most
earnestness and at greatest length is, that the evidence does
not support the verdict. It is the first presented by counsel.
The evidence shows without contradiction that about the
middle of June, 1881, defendant sold a drove of twenty-one
cattle to one Ozias, who lived near Independence, in Buchanan
county. The cattle were driven by defendant from the
vicinity of his home, then near Tripoli, in Bremer county,
and were not sold until they reached the farm of Ozias.
Defendant claimed the ownership of the cattle, and offered
them for sale to other persons. About the seventh day of
June, the cattle alleged to have been stolen were turned out
to pasture upon the prairie or "river bottom" by the owners,
(who lived in the neighborhood with defendant,) and were not
seen afterwards until they were found in the possession of
Ozias, near Independence. That the cattle sold by defendant
to Ozias were those alleged to have been stolen, is proved be-

*Margin note: 1. LARCENY of cattle: ver-dict of guilty: evidence to support.*

yond controversy. It follows that the larceny of the cattle is established. Defendant is shown to have sold the cattle within a few days after they were stolen, and he must have had them in his posssession about the very day they were stolen, for he consumed several days in driving them and finding a purchaser. These conclusions are based upon the evidence in behalf of defendant, and upon his own testimony. The evidence thus shows, without conflict, the larceny and the possession of the property by defendant immediately after the crime. Defendant in our opinion fails to explain by satisfactory evidence his possession of the property, and to show that it was innocent. He testifies himself that he bought the cattle of two men named Griffith and Green, and he introduces the testimony of three members of his family, and another witness, who corroborate his statements. He states the place of residence of one of these men, but it is shown by the state that no such person was known in that neighborhood or in the county. He also swears that, after he discovered that these men did not own the cattle, he saw one of them, and recovered from him payment for the value of the cattle. It seems unaccountable that these men, who, according to defendant's story, were so ready to pay for the cattle, would not in some way have rendered him aid in order to prove their own actual existence, and that his possession of the property was innocent. The defendant is shown to have made conflicting and false statements in regard to the manner of his acquisition of the cattle. The evidence authorizes the conclusion that defendant knew the cattle to be the property of his neighbors, having seen them in their possession, and that he was inquired of, after the larceny, by persons making search for them, and had information from other sources that the property had been stolen, yet he gave no information leading to its discovery. His effort to dispose of the property by taking it, immediately after he acquired it, two days journey into another county, and other circumstances equally suspicious, tend to show his guilt.

The defendant introduced witnesses who testified that he sustained a good reputation for honesty. Considering this, with other testimony, we are well satisfied that the jury were authorized to find that he failed to explain his recent possession of the stolen property and to show that it was honest. The larceny, and defendant's possession of the cattle are clearly established by the evidence. We cannot disturb the conviction on the ground that the verdict lacks the support of evidence.

II.   The defendant asked the court to direct the jury that, if they entertained a reasonable doubt upon the question

2. INSTRUCTIONS: repetition not required. whether defendant's possession of the cattle was innocent or guilty, they should acquit. The instruction was properly refused, for the reason that the rule it expresses was explicitly presented, in language which the jury could not have misunderstood, in the fifth and twelfth instructions given by the court. It was not necessary to repeat it.

Counsel for defendant subject the fifth instruction to criticism, by considering one or more sentences separately from its other parts, thus drawing conclusions as to its meaning inconsistent with the thought expressed by the whole. Considered as a whole, the instruction is plain, and does not convey the meaning which counsel attach to it.

III.   In his own testimony, defendant shows that he offered to sell the cattle to another person before Ozias pur

3. EXCLUSION of testimony: no prejudice to appellant: no reversal. chased them. He was asked to state the price at which he offered to sell to this person. An objection to the question on the part of the state was sustained, and this ruling is now complained of by defendant. While we can discover no prejudice that could have resulted to the state by the proposed evidence, we are very clear that no prejudice could result to defendant by excluding it. We can discover no ground to hold that any answer defendant would have made to the question would have tended to estab-

The State v. Hallett.

lish his innocent possession of the property; and that was the controlling point in the case.

IV. A witness for the state was asked upon the cross-examination whether he had a conversation with defendant about the relatives of the witness being near defendant's place of residence. Upon objections by the state, the witness was not permitted to reply. This was right. It is not made to appear that the proposed conversation could have the remotest bearing upon the issues of the case.

V. A witness in the course of his examination testified that one of the cattle stolen had a bell. He. stated that he went with the owner of the cattle when he obtained another yearling. He was asked if this animal also wore a bell, but was not permitted to answer the question. The pertinency of the evidence intended to be elicited is not made to appear, as it is not shown that the yearling referred to was one of the cattle stolen. But, even if it was, we are unable to say that prejudice resulted to defendant by suppressing the proposed evidence.

VI. The foregoing discussion covers all the objections urged in argument by defendant's counsel. We have carefully considered the case as presented by the abstract, and discover no ground upon which the judgment of the district court ought to be disturbed. It is, therefore,

AFFIRMED.